UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL J. JACKSON, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 2:06CV00007-ERW |
| ) | |
| PAMELA FICK, et al., ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants Pamela Fick, Midwest Litigation Service, and John Doe's ("Defendants") Motion for Summary Judgment [doc. #19].

## **I. BACKGROUND**[1]

Defendant Fick is a Registered Professional Reporter who recorded the trial of *State of Missouri v. Michael J. Jackson*, on behalf of Midwest Litigation Services. Midwest Litigation Services is a fictitious name for Taylor and Associates Reporting, Inc, a Missouri corporation in good standing. Ms. Fick has submitted an affidavit, stating that she accurately recorded the trial in its entirety. Ms. Fick did not tape record the trial. Defendants have also submitted affidavits by the Honorable John B Berkemeyer, the Judge that presided over Plaintiff's criminal trial, and by Christopher Graville, prosecuting attorney for Warren County, Missouri, the prosecutor in

---

[1]The Court notes that Plaintiff did not file a Statement of Uncontroverted Facts, and therefore the Court's recitation is based on Defendants' Statement of Uncontroverted Facts. However, the Court recognizes that the Plaintiff is proceeding pro se, which requires a more lenient treatment. Where Plaintiff contradicts Defendants' statement the Court will make all reasonable inferences in favor of Plaintiff.

1

Plaintiff's criminal trial. Both Judge Berkemeyer and Mr. Graville, state that the trial was accurately recorded.

## II. PROCEDURAL HISTORY

Plaintiff filed suit against Defendants alleging violation of his Fifth, Thirteenth, and Fourteenth Amendment rights under 42 U.S.C. § 1983, due to the failure of Defendant Pamela Fick to accurately record the trial in the case styled *State of Missouri v. Michael J. Jackson*, Case No 048CV00181-02. Plaintiff requests a copy of the tape-recording and stenographic notes, in order to provide an accurate transcript to the Missouri Court of Appeals. The parties conducted discovery in this matter, and the case is now before the Court on Defendants' Motion for Summary Judgment.

## III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The United States Supreme Court has noted that "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Id.* at 327 (quoting Fed. R. Civ. P. 1). "By its terms, [Rule 56(c)(1)] provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one

such that "a reasonable jury could return a verdict for the nonmoving party." *Id*. Further, if the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The initial burden of proof in a motion for summary judgment is placed on the moving party to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does, in fact, bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. *Anderson*, 477 U.S. at 249. When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). To meet its burden, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In fact, the non-moving party must show there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 324. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

## IV. DISCUSSION

Defendants assert that they acted in good faith in recording the criminal trial of Michael J. Jackson, they performed their duty as set forth in the Missouri Revised Statute, and therefore they are immune from suit. Plaintiff responds that the recording of witness Maria Spivey was inaccurate, and therefore Defendant Fick failed to fulfill her duties under the Missouri Revised Statute. This allegation was not made in Plaintiff's complaint; in Plaintiff's complaint, he alleges that witness Corporal Bruce Flowers did not appear in the courtroom and therefore the testimony of Corporal Bruce Flowers as reflected in the transcript is incorrect. Plaintiff does not mention this allegation in his response in opposition to Defendants' motion for summary judgment.

The duties of a court reporter are set forth in Missouri Revised Statute § 485.050, which states:

> It shall be the duty of the official court reporter so appointed to attend the sessions of the court, under the direction of the judge thereof; to take full stenographic notes of the oral evidence offered in every cause tried in said court, together with all objection to the admissibility of testimony, the rulings of the court thereon, and all exceptions taken to such rulings; to preserve all official notes taken in said court for future use or reference, and to furnish to any person or persons a transcript of all or any part of said evidence or oral proceedings upon the payment to him of the fee herein provided.

Mo.Rev.Stat. § 485.050.

The Eighth Circuit has held that "qualified immunity protects court reporters who act pursuant to their lawful authority and follow in good faith the instructions or rules of the court." *Hold v. Dunn*, 741 F.2d 169, 170 (8th Cir. 1984); *see also Smith v. Tandy*, 897 F.2d 355, 356 (8th Cir. 1990) (upholding district court's grant of summary judgment in favor of defendant on the ground of qualified immunity). The Eighth Circuit in *Tandy*, specifically held that summary judgment is appropriate based on qualified immunity, as it shows that the nonmoving party is unable to make a sufficient showing on every essential element of the case. 897 F.2d at 356. Qualified immunity is applicable where the " clerk or reporter can show that he was acting

4

pursuant to his lawful authority and following in good faith the instructions or rules of the Court and was not in derogation of those instructions or rules." *McLallen v. Henderson*, 492 F.2d 1298, 1300 (8th Cir. 1974).

Looking at the evidence in a light most favorable to the Plaintiff, the nonmoving party, the Court finds that there is insufficient evidence to support a jury verdict in Plaintiff's favor. There is no evidence that Ms. Fick was negligent in her duty to perform court reporting services, in accordance with the Missouri Revised Statute. Defendants have provided affidavits by both the Judge and the prosecuting attorney who were present during the criminal trial of Plaintiff, and both attest to the accuracy of the transcript provided to the Plaintiff for his appeal. As Defendants have shown that they acted in good faith, and followed the circuit court's instructions, Defendants are protected from suit by qualified immunity. *See McLallen*, 429 F.2d at 1300. Plaintiff has failed to provide any evidence to support the allegations made in the complaint. The Court concludes that there was no violation of Plaintiff's due process rights, nor was there a violation of his Thirteenth Amendment right to be free from involuntary servitude.
Accordingly,

**IT IS HEREBY ORDERED** that Defendants Pamela Fick, Midwest Litigation Service, and John Doe's Motion for Summary Judgment [doc. #19] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff Jackson's Motion to Appoint Counsel [doc. #22] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants Pamela Fick, Midwest Litigation Service, and John Doe's Motion for Protective Order [doc. #23] is **DENIED** as moot.

Dated this 16th Day of May, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE