UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL J. JACKSON, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 2:06CV00007-ERW |
| ) | |
| PAMELA FICK, et al., ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Rehearing or Notice and Certificate of Appealability to the Eighth Circuit Court of Appeals [doc. #28], and Plaintiff's Motion to Alter or Amend the Judgment [doc. #32].

## **I. BACKGROUND**

Plaintiff filed suit against Defendants alleging violation of his Fifth, Thirteenth, and Fourteenth Amendment rights under 42 U.S.C. § 1983, due to the failure of Defendant Pamela Fick to accurately record the trial in the case styled *State of Missouri v. Michael J. Jackson*, Case No. 048CV00181-02. This Court granted Defendants' Motion for Summary Judgment on May 16, 2007, and entered judgment in favor of Defendants on Plaintiff's Complaint. On May 23, 2007, Plaintiff filed a Notice of Appeal. On May 23, Plaintiff also filed a Motion for Rehearing or Notice and Certificate of Appealability. On June 22, 2007, Plaintiff filed a Motion to Alter or Amend the Judgment.

## **II. DISCUSSION**

1

The Court notes that Plaintiff raises the same argument in both pending motions; namely that this Court should reconsider its order granting summary judgment in favor of Defendants. Plaintiff's Motion for Rehearing and Motion to Alter and Amend the Judgment both argue that this Court erred by failing to adequately consider the affidavit of Maria Spivey in ruling on Defendants' Motion for Summary Judgment. For purposes of timeliness, the Court will consider Plaintiff's Motion for Rehearing as seeking relief under both Federal Rules of Civil Procedure 59 and 60.[1] The Court will address the two issues presented by Plaintiff's two motions, in turn, rather than addressing each motion separately, as the issues raised in each overlap.

**A. Motion for Rehearing/Motion to Alter or Amend the Judgment**

The first issue for this Court to determine is whether the Court has jurisdiction to address Plaintiff's pending motion. Defendants assert that the Court lost jurisdiction as soon as Plaintiff' filed its Notice of Appeal on May 23, 2007. Federal Rule of Appellate Procedure 4 provides the time for filing a notice of appeal, and the effect of certain motions under the federal rules on that time period. Fed. R. App. P. 4. Specifically the rules states that:

> (A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion: . . . (iv) to alter or amend the judgment under Rule 59; (v) for a new trial under Rule 59; (vi) for relief under Rule 60 if the motion is filed no later than 10 days after the judgment is entered.

Fed. R. App. P. 4(a)(4)(A)(iv)-(vi). The rule further states that:

---

[1]Plaintiff cites to Rule 60 in his reply brief in support of his Motion for Rehearing or Notice and Certificate of Appealability, and cites to Rule 59 in his Motion to Alter or Amend the Judgment. Due to Plaintiff's pro se status, the Court will liberally construe Plaintiff's Motion for Rehearing as encompassing both Rule 59 and 60. Rule 59(e) imposes a ten day time limitation, which would make Plaintiff's Motion to Alter or Amend the Judgment untimely under Rule 59(e). However, Plaintiff's Motion for Rehearing was filed within ten days of the entry of judgment and therefore this Court has jurisdiction to address the motion.

> If a party files a notice of appeal after the court announces or enters a judgment- but before it disposes of any motion listed in Rule 4(a)(4)(A)–the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Fed. R. App. P. 4(a)(4)(B)(i). Plaintiff's Motion for Rehearing was timely filed, under Rule 59(e), on the same day as Plaintiff filed his Notice of Appeal. Therefore the Court will treat the Motion for rehearing as being filed first, and the Notice of Appeal will go into effect following this Court's ruling on that Motion.

The Court will now address the merits of Plaintiff's Motion for Rehearing. Federal Rule of Civil Procedure 59 permits a party to file a motion to alter or amend the judgment within ten (10) days of the entry of judgment. Fed. R. Civ. P. 59(e). Rule 60 similarly provides for relief from Judgment or Order, however, upon more limited grounds. A party may seek relief from a judgment or order for clerical mistakes under 60(a), or for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, (6) any other reason justifying relief from the operation of the judgment, under 60(b). Fed. R. Civ. P. 60(a)-(b). Rule 60 does not contain a time limitation.

Plaintiff's asserted basis for relief is that this Court erred in granting Defendants' Motion for Summary Judgment because Plaintiff had submitted evidence sufficient to create a material issue of fact as to the accuracy of the transcript of Plaintiff's criminal case. The Court's Summary Judgment order determined that Plaintiff could not succeed at trial as he had not presented any evidence that the Defendants acted in bad faith in recording the Plaintiff's criminal proceeding. *See Hold v. Dunn*, 741 F.2d 169, 170 (8th Cir. 1984). Summary Judgment is appropriate when a party, who has the burden of proof at trial, fails to provide evidence of a material issue of fact on a required element of the claim. *Colletex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). ("Rule

56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). Plaintiff's failure to provide evidence of bad faith was fatal to his case, as such proof is required to overcome the Defendants' assertion of qualified immunity. *Holt*, 741 F.2d at 170 ("This court has held that qualified immunity protects court reporters who act pursuant to their lawful authority and follow in good faith the instructions or rules of the court."); *See also McLallen v. Handerson*, 492 F.2d 1298, 1299 (8th Cir. 1974) ("[C]lerks and court reports may . . . have an absolute defense . . . where the clerk or reporter can show that he was acting pursuant to his lawful authority and following in good faith the instructions or rules of the Court . . ..").

Plaintiff argues that the affidavit of Ms. Spivey was sufficient to create a genuine issue of material fact. However, the Court notes that the affidavit did not dispute that Defendant Fick acted in good faith in recording Plaintiff's criminal proceeding. Defendants provided affidavits of Ms. Fick, the presiding Judge, and the prosecuting attorney, which all stated the testimony was accurately recorded, and that Ms. Fick complied with her duties under Missouri law. Ms. Spivey's affidavit asserted that there were errors in the transcript, however this is insufficient to show bad faith, and overcome Defendants' claim of immunity. For these reasons, Plaintiff's request to amend the judgment, under either Rule 59(e) or Rule 60 of the Federal Rules, is denied.

### B. Motion for Notice and Certificate of Appealability to Eighth Circuit

Plaintiff's request for Notice and Certificate of Appealability requires only a brief

4

discussion. Unlike a prisoner action under federal habeas corpus, or 28 U.S.C. § 2255,[2] a prisoner civil rights action does not require a certificate of appealability as outlined in 28 U.S.C. § 2253.[3] Furthermore, this Court notes that Plaintiff filed a timely Notice of Appeal, and the matter is currently pending before the Eighth Circuit Court of appeals. Therefore Plaintiff's Motion for Notice and Certificate of Appealability to the Eighth Circuit is denied as moot. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Rehearing and Notice and Certificate of Appealability to the Eighth Circuit Court of Appeals [doc. #28] is **DENIED in part** and **DENIED as moot in part.** Plaintiff's Motion for Rehearing is **DENIED.** Plaintiff's Motion for Notice and Certificate of Appealability to the Eighth Circuit Court of Appeals is **DENIED as moot.**

---

[2]28 U.S.C. § 2255 states, in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

[3]28 U.S.C. § 2253 states:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or (B) the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(A)-(B).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Alter or Amend the Judgment [doc. #32] is **DENIED**.

Dated this 10th Day of August, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE